[Cite as *State v. Morris*, 2014-Ohio-4907.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2014 CA 00047 |
| FRANK MORRIS, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Massillon
                             Municipal Court, Case No. 1996 CRB 2115


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 3, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

PERICLES STERGIOS                     RICHARD DRAKE
MASSILLON CITY PROSECUTOR             303 Courtyard Centre
One James Duncan Plaza SE             116 Cleveland Avenue NW
Massillon, Ohio  44646                Canton, Ohio  44702

*Wise, J.*

{¶1}  Appellant Frank Morris appeals from the February 12, 2014, Judgment Entry entered in the Massillon Municipal Court overruling his motion for relief from judgment.

{¶2}  Appellee did not file a brief in this matter

STATEMENT OF THE FACTS AND CASE

{¶3}  On October 21, 1006, Appellant Frank Morris was arraigned on charges of domestic violence. A temporary protection order was imposed, and Appellant signed for same.

{¶4}  On November 7, 1996, Appellant was convicted of domestic violence subsequent to a no-contest plea. Appellant was represented by counsel.

{¶5}  On October 25, 2004, Appellant, through different counsel, filed a Motion to Withdraw Plea. In said motion*,* Appellant argued he was not made aware that he would be prohibited from owning or possessing a firearm, and that such affected his ability to obtain employment.

{¶6}  On May 20, 2005, the trial court denied Appellant's motion to withdraw plea.

{¶7}  On May 22, 2005, Appellant filed a Motion to Reconsider through a third attorney. The attorney later withdrew as counsel.

{¶8}  On November 5, 2013, Appellant filed the current Motion for Relief from Judgment.

{¶9}  On January 27, 2014, an oral hearing was held on Appellant's motion, and affidavits were submitted in support of Appellant's motion.

{¶10} By Judgment Entry dated February 12, 2014, the trial court denied Appellant's motion for relief from judgment, finding:

{¶11} "The Defendant failed to meet any of the requirements for post-conviction relief pursuant to O.R.C. Sec. 2953.21. It was not timely filed and all the issues were previously ruled on by Judge Kettler in May of 2005."

{¶12} Appellant now appeals, raising the following Assignment of Error for review:

{¶13} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."

I.

{¶14} Appellant, in his sole Assignment of Error, argues the trial court erred in denying his motion for relief from judgment. We disagree.

{¶15} In his motion, Appellant makes a claim of ineffective assistance of counsel arguing that his attorney failed to advise him that he would be prohibited from carrying a firearm, and that such prohibition would prevent him from being able to be employed in certain fields.

{¶16} Pursuant to R.C. 2953.21, the trial court considered Appellant's current motion as a motion for post-conviction relief.

{¶17} R.C. §2953.21(A) states, in part, as follows:

{¶18} "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the

court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

{¶19} Pursuant to R.C. §2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶20} Initially, the trial court found that Appellant made this same argument in his Motion to Withdraw, and that such was previously considered fully and denied by the trial court.

{¶21} Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, *approving and following State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on

direct appeal." *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik,* 9th Dist. Lorain No. 98CA007279, 2000 WL 254908 (Mar. 8, 2000); *see, also, State v. Ferko,* 9th Dist. Summit No. 20608, 2001 WL 1162835 (Oct. 3, 2001).

{¶22} As stated by the trial court, The Temporary Orders in this matter, signed by Appellant, state:

{¶23} " … the Defendant shall be prohibited from:

{¶24} 5. Obtaining or making use of any deadly weapon or dangerous ordinance."

{¶25} The trial court further found that Appellant has failed to demonstrate that he was not guilty of the offense of Domestic Violence.

{¶26} The trial court further found said motion was not timely made, Appellant's conviction having occurred in November, 1996.

{¶27} Upon review, we find no error in the trial court's denial of Appellant's motion for relief from judgment. Appellant's sole Assignment of Error is overruled.

{¶28} For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 1021